UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANO GUTIERREZ,

    Petitioner,                                     CASE NO. 2:12-15105
                                                                 HONORABLE PAUL D. BORMAN
v.                                                        UNITED STATES DISTRICT JUDGE

THOMAS BIRKETT,

    Respondent.

_____/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS**

Mariano Gutierrez, ("petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for two counts of third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(b). For the reasons stated below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE**.**

**I. BACKGROUND**

Petitioner was convicted of the above offenses following a jury trial in the Ingham County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> The complainant was on her way home from a bar in East Lansing when she "flagged down" a car for a ride to her residence. Defendant, who was driving past,

> picked her up. The complainant testified that defendant drove to a secluded area, choked her, and threatened to use a gun from the glove compartment. He then drove to a parking lot, turned off the car, climbed on top of her, and penetrated her vagina with his penis and finger, despite her repeated requests for him to stop.

*People v. Gutierrez,* No. 300190, at 1 (Mich.Ct.App. February 7, 2012).

Petitioner's defense at trial was that the victim consented to have sex with him.

Petitioner's conviction was affirmed on appeal. *People v. Gutierrez,* No. 300190 (Mich.Ct.App. February 7, 2012); *lv. den.* 492 Mich. 855, 817 N.W.2d 74 (2012)(Table). Further facts will be discussed when addressing petitioner's individual claims.

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Whether the trial court violated the Fifth and Fourteenth amendments by admitting irrelevant and unfairly prejudicial testimony concerning a prior sexual assault charge that induced the jury to convict Mr. Gutierrez based on believing he has a criminal propensity, thus denying him of due process and the right to a fair trial.
>
> II. Whether Mr. Gutierrez should be remanded for resentencing because he was denied a reasonable opportunity to allocute at sentencing.
>
> III. Whether Petitioner Mariano Gutierrez was prejudiced by the cumulative effect of multiple errors and omissions. If trial counsel forfeited these errors by failing to object or request mistrial, counsel was ineffective.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable

> determination of the facts in light of the evidence presented in
> the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas

3

court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. Finally, in reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial but not a

4

perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III.  DISCUSSION

**A.  Claim # 1.  The prior bad acts evidence claim.**

Petitioner first claims that he was deprived of a fair trial by the introduction of his prior sexual assault conviction on the ground that it was irrelevant and prejudicial, in that it was admitted in violation of M.R.E. 404(b) for the purpose of establishing his propensity to commit the charged sexual assaults.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting the prior sexual assault into evidence is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process).  The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief,

5

because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by the admission of evidence to establish the petitioner's propensity to commit criminal acts, the Michigan Court of Appeals' rejection of petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006).

Likewise, petitioner's related claim that he was denied a fair trial by the admission of this evidence because it was irrelevant and prejudicial cannot form the basis for habeas relief, because it too involves a state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *See also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978). Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The sentencing allocution claim.**

Petitioner next claims that the trial court denied him his right of allocution at sentencing.

There is no constitutional right to allocution under the United States Constitution. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997)(citing to *Hill v. United States*, 368 U.S. 424, 428 (1962)). Therefore, a trial court's failure to afford a defendant the right to allocution raises neither a jurisdictional or constitutional error cognizable on habeas review. *See e.g. Cooey v. Coyle,* 289 F. 3d 882, 912 (6th Cir. 2002)(declining to issue certificate of appealability on denial of allocution claim). Petitioner is not entitled to relief on his second

claim.

### C. Claim # 3. Petitioner's remaining claims.

In his remaining claims, petitioner contends that he was denied a fair trial by the presence of Michigan Department of Corrections (M.D.O.C.) guards in the courtroom, by the inadvertent viewing of him in shackles by two jurors during a break in the trial, by other references to petitioner's incarceration, by judicial misconduct, and by trial counsel's failure to object to these errors.

Respondent contends that with the exception of the ineffective assistance of counsel claims, petitioner's claims are procedurally defaulted, because counsel failed to object to the alleged errors or expressed satisfaction with the trial court's handling of the issues. Petitioner claims that his trial counsel was ineffective for failing to object to these errors. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

Taking petitioner's shackling claim first, petitioner claims that two jurors inadevertently viewed him in shackles during a break in the proceedings.

In *Deck v. Missouri*, 544 U.S. 622, 629 (2005), the U.S. Supreme Court held that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck's* facts and holding, however, "concerned only visible restraints at trial." *Mendoza v. Berghuis*, 544 F.3d 650, 654 (6th Cir. 2008). Petitioner is not entitled to habeas relief on his claim, because he has presented no evidence that his restraints were visible during the trial. *Id.* at 655.

Assuming that the jurors may have seen petitioner's leg shackles, petitioner would nevertheless not be entitled to habeas relief because any error would have been harmless in light of the overwhelming evidence against petitioner. The shackling of a defendant is harmless error if there is overwhelming evidence of the defendant's guilt. *See Lakin v. Stine,* 431 F.3d 959, 966 (6th Cir. 2005); *See also Robinson v. Gundy,* 174 F. App'x. 886, 893 (6th Cir. 2006).

In the present case, there was compelling evidence of petitioner's guilt. The victim testified that she tried to fight petitioner off, that he choked her and warned her that if she valued her life, she would cooperate with his sexual advances. (Tr. 7/12/10, pp. 130-32). The

victim testified that petitioner forcibly penetrated her with his fingers and penis. (*Id*., pp. 134-38). After petitioner finished sexually assaulting her, the victim ran to the first house that had lights on and banged on the door asking for help. (*Id*., pp. 140-43). The person who lived at this house testified that the victim banged on the windows while screaming for help and claiming that someone was trying to kill her. The victim was crying and appeared to be scared for her life. The victim indicated that she had been raped. (*Id*., pp. 185-86). One of the victim's friends testified that she received a phone call from the victim. The victim sounded frantic and told her friend that she had been raped. When her friend arrived at the location where the victim was at, the victim appeared frightened and upset. (*Id.,* pp. 196-97). Testing revealed that the DNA found inside the victim belonged to petitioner. (*Id.*, p. 111). Although petitioner testified at trial that he had engaged in consensual sex with the victim, when police initially interrogated petitioner about having sex with the victim in a parking lot, he denied having sex with her. (Tr. 7/13/10, pp. 24-26). Further, the other acts witness testified that petitioner had attempted to sexually assault her at a club. (*Id*., pp. 99-101).

In light of the overwhelming evidence of petitioner's guilt, petitioner is unable to show that even if the jury did observe him in leg irons, he was denied due process and a fair trial, so as to entitle him to habeas relief. *Lakin*, 431 F.3d at 966.

Moreover, because petitioner is unable to show that he was prejudiced by being shackled, counsel was not ineffective in failing to object to petitioner's shackling. *See Taylor v. McKee*, 649 F.3d 446, 451, n. 1 (6th Cir. 2011).

Petitioner next contends that he was deprived of a fair trial due to the presence of M.D.O.C. guards in the courtroom, in lieu of the usual county sheriff's deputies.

The conspicuous or noticeable deployment of security personnel in a courtroom during a criminal trial is not considered an inherently prejudicial practice that, like shackling, should be permitted only where justified by an essential state interest specific to each trial. *See Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1986). The presence of guards at a criminal trial should not be interpreted as a sign that a defendant is particularly dangerous or guilty and jurors may just as easily believe that guards are there to prevent outside disruptions or eruptions of violence in the courtroom. *Id.* at 569. "Indeed, it is entirely possible that jurors will not infer anything at all from the presence of the guards [at a trial]." *Id.* In light of the "variety of ways" by which security personnel can be deployed in a courtroom, the Supreme Court suggested that a case-by-case approach is more appropriate to determine whether the presence of such personnel denied a criminal defendant a fair trial. *Id.*

The Sixth Circuit has noted that the Supreme Court has not yet addressed whether placing uniformed prison guards near a defendant during his criminal trial inherently prejudices him. *See Wilkens v. Lafler,* 487 F. App'x. 983, 989 (6th Cir. 2012); *cert. den.* 133 S. Ct. 580 (2012). *Holbrook's* conclusion that jurors will view guards as safety officers for the court rather than "reminders of the defendant's special status" is admittedly not applicable when the uniforms identify the guards as prison officers rather than peace officers. *Id.* At the same time, the presence of uniformed prison guards near a criminal defendant "presents a subtler indication of incarceration than shackles or prison garb on a defendant." *Id.* Moreover, "a fairminded jurist could conclude that most jurors would overlook the detail of the insignia on the guard uniforms or infer nothing from them, especially since jurors might not know enough about courtroom procedures to think that the presence of guards from the Department of Corrections

are atypical in criminal proceedings." *Id.* at 990. Fairminded jurists could thus conclude that the presence of a few guards near petitioner "with Department of Corrections insignia on their uniforms fails to create an 'inherently prejudicial' circumstance or an 'unacceptable risk' of affecting the jury deliberations." *Id.* Petitioner is thus unable to establish that the presence of M.D.O.C. personnel at his trial was inherently prejudicial. In addition, because petitioner has presented no evidence that the jurors considered the presence of M.D.O.C. guards during their deliberations, petitioner is unable to establish that he was actually prejudiced by the presence of these guards at his trial. *Id.,* pp. at 990-91. Finally, in light of the fact that the presence of the M.D.O.C. guards did not cause any prejudice to petitioner, trial counsel was not ineffective for failing to object to their presence at petitioner's trial. *See Sutton v. Bell,* 645 F.3d 752, 756 (6th Cir. 2011).

Petitioner further claims that he was prejudiced by the introduction of a taped telephone conversation that took place between himself and his parents while he was incarcerated in prison on another offense. During the conversation, petitioner suggested that his parents avoid talking to police and admonished them to be careful what they said to police.

Under Michigan law, evidence of a defendant's prior incarceration is inadmissible, unless such reference is material and relevant to the issue being raised. *People v. Compian,* 38 Mich.App. 289, 296; 196 N.W.2d 353 (1972). In the present case, evidence that petitioner had advised his parents not to speak to the police was relevant as to petitioner's consciousness of guilt. Under Michigan law, evidence of a criminal defendant's subsequent efforts to influence or coerce the witnesses against him is admissible where it demonstrates a consciousness of guilt on the part of the defendant. *See People v. Mock*, 108 Mich.App 384, 389; 310 N.W.2d 390

11

(1981). Because the conversation between petitioner and his parents was admissible to establish consciousness of guilt on petitioner's part, it was not error to provide context to the conversation by establishing that it took place while petitioner was incarcerated. See *e.g. People v. Anglin,* 111 Mich. App. 268, 290-91; 314 N.W.2d 581 (1981)(It was not error to permit witness who was testifying as to defendant's incriminating statements to testify that such statements were made while witness and defendant were in prison and defendant was seeking witness' help in an escape). Because this evidence was admissible under Michigan law, counsel was not ineffective in failing to object to its admission. The failure to object to relevant and admissible evidence is not ineffective assistance of counsel. *See Alder v. Burt,* 240 F. Supp. 2d 651, 673 (E.D. Mich. 2003).

Petitioner next claims that he was deprived of a fair trial because the judge pierced the veil of judicial impartiality by asking the victim and petitioner about the location of the victim's purse at the time of the sexual assault.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. *See Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). The right to an impartial judge is a right whose deprivation a state prisoner may complain of in a federal habeas corpus proceeding. *Tyson v. Trigg*, 50 F.3d 436, 438 (7th Cir. 1995)(citing to *Turner v. Ohio*, 273 U.S. 510, 523 (1927); *In Re Murchison*, 349 U.S. 133 (1955)). Trial judges have a wide latitude in conducting trials, but they must preserve an attitude of impartiality and scrupulously avoid giving the jury the impression that the judge believes that the defendant is guilty. *Harrington v. State of Iowa*, 109 F.3d 1275, 1280 (8th Cir. 1997); *Brown v. Palmer,* 358 F. Supp. 2d 648, 657

(E.D. Mich. 2005).

However, in reviewing an allegation of judicial misconduct in a habeas corpus petition, a federal court must ask itself whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process. *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995); *Brown v. Palmer,* 358 F. Supp. 2d at 657. To sustain an allegation of bias by a state trial judge as a grounds for habeas relief, a habeas petitioner must factually demonstrate that during the trial the judge assumed an attitude which went further than an expression of his or her personal opinion and impressed the jury as being more than an impartial observer. *Brinlee v. Crisp*, 608 F.2d 839, 852-53 (10th Cir. 1979); *Brown,* 358 F. Supp. 2d at 657. A trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a significant degree before habeas relief could be granted. *McBee v. Grant*, 763 F.2d 811, 818 (6th Cir. 1985); *Brown,* 358 F. Supp. 2d at 657.

In the present case, the trial judge did not pierce the veil of judicial impartiality by questioning the victim and petitioner about the location of the victim's purse. It is not unconstitutional under the Due Process Clause for a state trial judge to seek clarification from witnesses at a criminal trial. *Brown v. Palmer,* 358 F. Supp. 2d at 657; *See also Wenglikowski v. Jones,* 306 F. Supp. 2d 688, 695 (E.D. Mich. 2004). "[I]n fact, it is proper for a judge to question a witness when necessary either to elicit the truth or to clarify testimony." *Brown,* 358 F. Supp. 2d at 657. The judge's questions to the victim and petitioner were not improper. Moreover, any prejudice was also cured by the fact that the judge instructed the jury that his rulings were not evidence and further advised the jurors that if they believed that the judge had an opinion about how they should decide the case, that they should disregard that opinion and

that they were the only judges of the facts. (Tr. 7/15/2010, p. 42). *See Todd v. Stegal,* 40 F. App'x. 25, 28 (6th Cir. 2002). Because the trial court's questions to the victim and to petitioner to clarify their testimony were proper, counsel was not ineffective for failing to object to the questions. *See U.S. ex rel. Rockman v. DeRobertis*, 717 F. Supp. 553, 554 (N.D. Ill. 1989). Petitioner is not entitled to habeas relief on his final claim.

      The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

      For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claim to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.  CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  August 28, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 28, 2013.

s/Deborah Tofil  
Case Manager